EUGENE BILSKI, Plaintiff-Appellant, v. ROGER E. WALKER, JR., Director of the Department of Corrections, *et al.*, Defendants-Appellees.

Fourth District    No. 4—08—0980

Opinion filed June 26, 2009.

Eugene Bilski, of Pontiac, appellant *pro se.*

No brief filed for appellees.

JUSTICE STEIGMANN delivered the opinion of the court:

In April 2007, Pontiac Correctional Center inmate, plaintiff Eugene Bilski, *pro se* sued defendants, Roger E. Walker, Jr., the Director of the Illinois Department of Corrections (DOC); Sherry Benton, a member of the Illinois Administrative Review Board; and Steve Hadfield, a correctional officer at the Pontiac Correctional Center. Bilski also filed an application to proceed *in forma pauperis*. After denying that application, the trial court *sua sponte* dismissed Bilski's complaint for (1) failure to state a cause of action and (2) lack of jurisdiction.

Bilski appeals, arguing that the trial court erred by (1) denying his application to proceed *in forma pauperis* and (2) finding that (a) his suit failed to state a cause of action and (b) it did not have jurisdiction over the matter. Although we agree that the court erred by finding that it lacked jurisdiction, we nonetheless affirm because we conclude that Bilski's complaint failed to state a cause of action.

## I. BACKGROUND

In April 2007, Bilski *pro se* sued defendants in Sangamon County circuit court, seeking $8,500 in compensatory and punitive damages.

As part of his initial filing, Bilski submitted an application to proceed *in forma pauperis*.

Bilski's complaint contained the following allegations. In March 2006, while Bilski was returning from the prison library, Hadfield confiscated a book from Bilski and later knowingly submitted a false institutional disciplinary report that accused Bilski of theft, insolence, and possession of contraband. Following an institutional disciplinary hearing, the adjustment committee found Bilski guilty of possessing contraband but not guilty of theft and insolence. In May 2006, Bilski filed an institutional grievance against Hadfield, which the grievance officer found to be untimely filed without affording Bilski an opportunity to show good cause pursuant to DOC rules.

In June 2006, Hadfield issued Bilski another disciplinary report for giving false information to an employee, insolence, and unauthorized movement, arising out of an incident in which Bilski switched his movement schedule with the permission of another prison guard. At Bilski's disciplinary hearing on these charges, the adjustment committee found him not guilty on all counts. Bilski thereafter filed another grievance—which he sent to Benton and Walker—requesting that Hadfield be disciplined for knowingly issuing a false report. In response, Benton and Walker (1) refused to discipline Hadfield and (2) informed Bilski that the disciplinary report had been expunged from his record.

Based upon these allegations, Bilski's complaint set forth the following claims: (1) Hadfield violated Bilski's due-process rights guaranteed by the United States and Illinois Constitutions when Hadfield knowingly submitted the false disciplinary reports and (2) Benton and Walker violated Bilski's due-process rights by failing to (a) afford him an opportunity to show good cause for failing to timely file his first grievance against Hadfield in violation of DOC rules and (b) investigate his accusations against Hadfield. We construe these claims to be sufficient to assert the gist of a claim under section 1983 of the federal Civil Rights Act (42 U.S.C. §1983 (1994)), although Bilski never mentions that section.

In April 2007, the trial court denied Bilski's application to proceed *in forma pauperis*. In December 2007, the court *sua sponte* dismissed Bilski's complaint for failure to state a cause of action and want of jurisdiction.

This appeal followed.

## II. ANALYSIS

Initially, we note that defendants did not file a brief with this court. However, the issues in this case are such that we can decide this

appeal on the merits without the aid of defendants' appellee brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976) (noting that when "the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal").

Bilski argues that the trial court erred by (1) denying his application to proceed *in forma pauperis* and (2) finding that (a) his complaint failed to state a cause of action and (b) it did not have jurisdiction over the matter. We first address Bilski's jurisdictional argument.

## A. Bilski's Claim That the Trial Court Erred by Finding That It Did Not Have Jurisdiction

Bilski contends that the trial court erred by finding that it lacked jurisdiction to review his complaint. We agree.

With rare exceptions, circuit courts have original jurisdiction over all "justiciable matters." Ill. Const. 1970, art. VI, §9. Specifically, circuit courts have jurisdiction to hear and decide any case in which they have subject-matter and personal jurisdiction over the parties. *Anderson Dundee 53, L.L.C. v. Terzakis*, 363 Ill. App. 3d 145, 155, 841 N.E.2d 6, 18 (2005).

In this case, Bilski sued defendants for violating his constitutional right to due process of law by (1) knowingly filing false disciplinary reports, (2) failing to follow DOC rules, and (3) refusing to properly investigate his allegations of staff misconduct. As noted earlier, Bilski's complaint asserted the gist of a section 1983 claim, a claim that Illinois circuit courts have jurisdiction to adjudicate. See *C.J. v. Department of Human Services*, 331 Ill. App. 3d 871, 877-78, 771 N.E.2d 539, 546 (2002) (holding that circuit courts have jurisdiction to grant relief pursuant to section 1983); see also *Nelson v. Crystal Lake Park District*, 342 Ill. App. 3d 917, 924, 796 N.E.2d 646, 653 (2003) (remanding the plaintiff's section 1983 due-process claim to the trial court for further proceedings). Accordingly, the trial court had jurisdiction in this case.

## B. Bilski's Claim That the Trial Court Erred by Denying His Application To Proceed *In Forma Pauperis*

Bilski next contends that the trial court erred by denying his application to proceed *in forma pauperis*. Specifically, Bilski asserts that by denying his application, the court denied him access to the courts because he was unable to pay the filing fee. We need not decide whether the court erred by denying Bilski's application because the court in fact reviewed his complaint. Therefore, contrary to defendant's assertion, he was not denied access to the courts for failure to pay the filing fee.

## C. Bilski's Claim That the Trial Court Erred by Finding That His Complaint Failed To State a Cause of Action

Bilski also contends that the trial court erred by finding that his complaint failed to state a cause of action. We disagree.

### 1. *The Trial Court's Authority To Sua Sponte Dismiss Bilski's Complaint*

To determine whether the trial court erred by dismissing Bilski's complaint for failure to state a cause of action, we must first address whether the court had authority to *sua sponte* dismiss his complaint.

In *People v. Vincent*, 226 Ill. 2d 1, 12-13, 871 N.E.2d 17, 26-27 (2007), the supreme court affirmed the trial court's *sua sponte* dismissal of an inmate's petition for relief brought under section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2002)) without (1) a response from the State or (2) giving the claimant notice. In so affirming, the supreme court explained *its* rationale as follows:

> "Illinois pleading requirements and well-settled principles of civil practice and procedure permit the trial [court] to have acted *sua sponte* \*\*\*. Our recognition [in] this [regard] is based on long-recognized legal precepts, and is, in our view, more preferable than creating exceptions based solely on the criminal-defendant status of the petitioner [citation] or on arbitrary notions of docket control [citation]." *Vincent*, 226 Ill. 2d at 13-14, 871 N.E.2d at 26.

With *Vincent* in mind, we conclude that the trial court in this case could likewise *sua sponte* dismiss Bilski's complaint. We acknowledge that *Vincent* arose in the context of an unhappy prisoner who wished to get out of jail by bringing an action under section 2—1401 of the Code. Nevertheless, *Vincent* was not limited to that scenario. What the supreme court made clear in *Vincent* is that a trial court has authority under the principles of civil practice and procedure to *sua sponte* dismiss the type of claim presented in this case—namely, a frivolous lawsuit. We conclude the *Vincent* precepts apply here, even though this claim was ostensibly brought under section 1983. See *Vincent*, 226 Ill. 2d at 12, 871 N.E.2d at 25 ("Illinois cases \*\*\* recognize that a trial court may, on its own motion, dispose of a matter when it is clear on its face that the requesting party is not entitled to relief as a matter of law").

### 2. *The Trial Court's Finding That Bilski's Complaint Failed To State a Cause of Action*

Having concluded that the trial court had authority to *sua sponte* dismiss Bilski's complaint, we now turn to whether his complaint stated a cause of action.

When determining whether a complaint sufficiently states a cause of action, a court must accept all well-pleaded facts as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Heastie v. Roberts*, 226 Ill. 2d 515, 531, 877 N.E.2d 1064, 1075 (2007). The court should dismiss a plaintiff's complaint for failure to state a cause of action only when the plaintiff can prove no set of facts that would support his claim. *Heastie*, 226 Ill. 2d at 531, 877 N.E.2d at 1075. Because this process does not require the court to weigh facts or make credibility determinations, we review *de novo* whether the trial court correctly dismissed a complaint for failure to state a cause of action. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147-48, 776 N.E.2d 151, 159 (2002). Applying this standard to the matter before us, we conclude that the court correctly dismissed Bilski's complaint.

As previously stated, Bilski's complaint alleged that he was denied due process of law when (1) Hadfield knowingly issued a false disciplinary report against him and (2) Benton and Walker failed to (a) afford him an opportunity to demonstrate good cause for his late filing of his institutional grievance and (b) properly investigate the allegations against Hadfield. Bilski claims that this conduct by the defendants denied him due process of law—claims we construe as constituting a basis for his asserting an action under section 1983. We conclude that Bilski's claims do not state a cause of action under section 1983.

Section 1983 protects citizens' constitutional rights, privileges, and immunities from being infringed by state actors. 42 U.S.C. §1983 (1994). Therefore, to establish a section 1983 cause of action, the plaintiff must show that (1) a person acting under color of state law committed the conduct complained of and (2) such conduct deprived him of rights, privileges, or immunities secured by the constitution or the laws of the United States. *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1479 (7th Cir. 1990). Because no question exists as to whether defendants were acting under color of state law in this case, we focus on the second—or constitutional—prong.

In *Ashley v. Snyder*, 316 Ill. App. 3d 1252, 1258-59, 739 N.E.2d 897, 903 (2000), this court recognized that inmates have a constitutional right only to "[(1)] adequate shelter, food, drinking water, clothing, sanitation, medical care, and personal safety," and (2) "a reasonable right of access to courts and a *** reasonable opportunity to exercise religious freedom under the first amendment." We also stated that "Illinois law creates no more *rights* for inmates than those which are constitutionally required." (Emphasis in original.) *Ashley*, 316 Ill. App. 3d at 1258, 739 N.E.2d at 902.

Here, Bilski did not state a cause of action upon which relief could be granted under section 1983. Bilski's complaint contained assertions relating to (1) false accusations by a prison guard and (2) a failure of a prison review board member and DOC director to (a) afford him an opportunity to show good cause for his late filing of a grievance and (b) properly investigate the allegations he made against the prison guard. Essentially, Bilski's assertions amount to complaints about (1) Hadfield's integrity and (2) Bilski's dislike for the way Benton and Walker handle inmate grievances. None of these assertions—although Bilski contends that they are violations of due process—implicates rights, privileges, or immunities conferred upon him by the constitution or the laws of the United States. Accordingly, we agree with the trial court that Bilski's complaint failed to state a cause of action.

We find support in our conclusion in *Ruiz v. Walker*, 386 Ill. App. 3d 1080, 1081, 900 N.E.2d 372, 375 (2008). In *Ruiz*, this court held that an inmate did not have a constitutionally protected liberty interest in correspondence exams; thus, limitations on access to such programs did not violate his right to due process. *Ruiz*, 386 Ill. App. 3d at 1081, 900 N.E.2d at 375, citing *Hadley v. Snyder*, 335 Ill. App. 3d 347, 354, 780 N.E.2d 316, 323 (2002) (holding that an inmate does not have a liberty interest in attending educational or recreational programs).

In closing, we emphasize that a trial court's *sua sponte* dismissal of a complaint, while appropriate in a case like this, is an extraordinary action. Therefore, we caution trial courts to provide explanations before doing so.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and POPE, JJ., concur.