2020 IL App (1st) 191275-U

FIFTH DIVISION
SEPTEMBER 30, 2020

No. 1-19-1275

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| KURT FUQUA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 17 L 9466 |
| SVOX AG, SVOX USA, INC., NUANCE COMMUNICATIONS, | ) | |
| INC., VOLKER JANTZEN, EUGEN STERMETZ, MARTIN | ) | |
| REBER, ERIC LEHMANN, and THOMAS SOSEMAN, | ) | Honorable |
| | ) | Daniel J. Kubasiak, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court properly dismissed the plaintiff's case, as it was barred by the law-of-the-case doctrine.

¶ 2   The circuit court of Cook County dismissed a case brought by the *pro se* plaintiff-appellant,

Kurt Fuqua, against the defendants-appellees, SVOX AG, SVOX USA, Inc., Nuance

Communications, Inc.,[1] Volker Jantzen, Eugen Stermetz, Martin Reber, Eric Lehmann,[2] and Thomas Soseman.[3] Mr. Fuqua now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                                        BACKGROUND

¶ 4      The facts of this case are lengthy and complex. In the interest of clarity and brevity, we will present only the facts pertinent to this order. For a full recitation of facts leading up to this appeal, see *Fuqua v. SVOX AG*, 2014 IL App (1st) 131429 (hereinafter referred to as *Fuqua I*).

¶ 5      On February 1, 2009, Mr. Fuqua began his employment as vice president of professional services for SVOX. In October 2009, SVOX terminated Mr. Fuqua's employment.

¶ 6      On April 4, 2012, Mr. Fuqua filed a complaint against SVOX and Mr. Soseman regarding Mr. Fuqua's termination. The complaint alleged breach of contract, retaliatory discharge, and violations of several statutes.

¶ 7      In response, SVOX filed a motion to stay litigation and compel arbitration, pursuant to the arbitration clause in the employment agreement between Mr. Fuqua and SVOX. Mr. Soseman filed a motion to dismiss the claims against him based on his qualified immunity as an attorney for SVOX, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2012)).

¶ 8      On March 7, 2013, the trial court granted SVOX's motion to compel arbitration. It also granted Mr. Soseman's motion to dismiss the claims against him, with prejudice.

---

[1]On June 16, 2011, Nuance Communications, Inc., acquired SVOX AG and SVOX USA, Inc. We will refer to Nuance Communications, Inc., SVOX AG, and SVOX USA collectively as "SVOX."

[2]Volker Jantzen, Eugen Stermetz, Martin Reber, and Eric Lehmann are all SVOX officers. They did not file a brief or make any arguments on appeal.

[3]Thomas Soseman is an attorney and the registered agent for SVOX. He individually filed his own brief on appeal.

¶ 9    Mr. Fuqua appealed the trial court's March 7, 2013 order, primarily arguing that the arbitration clause in his employment agreement was unenforceable. On June 9, 2014, we affirmed the trial court's order compelling arbitration because we concluded that the arbitration clause was enforceable. See *Fuqua I*, ¶¶ 38-40. We also affirmed the trial court's order dismissing the claims against Mr. Soseman because we concluded that he had qualified immunity. *Id.* ¶ 41. We remanded the case back to the trial court with directions for the trial court to compel arbitration between Mr. Fuqua and SVOX. *Id.* ¶ 42. Mr. Fuqua filed a petition for leave to appeal to the Illinois Supreme Court, which that court denied.

¶ 10    On remand, the trial court entered an order compelling Mr. Fuqua to arbitrate his claims against SVOX. An arbitration was scheduled. SVOX filed counterclaims against Mr. Fuqua in the arbitration proceedings.

¶ 11    Subsequently, Mr. Fuqua filed, in the trial court, a motion to dismiss SVOX's counterclaims. On August 28, 2015, the trial court denied Mr. Fuqua's motion. The order noted that it was following this court's directions in *Fuqua I* to compel arbitration and to have the parties "raise all issues with the *** pending claims in the arbitration proceedings."

¶ 12    Mr. Fuqua appealed the trial court's order denying his motion to dismiss. On May 26, 2017, this court dismissed the appeal for lack of jurisdiction. *Fuqua v. SVOX AG, et al*, 2017 IL App (1st) 153048-U (unpublished summary order under Illinois Supreme Court Rule 23(c)). We stated:

>    "[W]hile we are not reaching the merits of this case, we do note that our previous mandate in *Fuqua I* clearly directed the parties to address all issues in arbitration. Even if we did have jurisdiction in this case, it would appear that *res judicata* would apply."
>
>    *Id.* ¶ 11.

¶ 13    On January 29, 2018, Mr. Fuqua filed, in the trial court, a motion for relief from the March 7, 2013 order, which was the original order granting SVOX's motion to compel arbitration. On April 18, 2018, the trial court denied the motion. The trial court's order stated:

> "The court finds that Fuqua has presented no basis under which [he] can seek relief from the March 7, 2013, order. Further, the Illinois appellate court has now twice confirmed that the parties must submit to arbitration to resolve these claims. Thus, the appellate court has already issued rulings that are binding on this court, and the court cannot allow the parties to avoid arbitration."

¶ 14    Thereafter, Mr. Fuqua filed multiple motions against SVOX, including: a "Verified Motion for Temporary Restraining Order Concerning [Mr. Fuqua's] Trade Secret Invention"; a "Verified Motion for Default Judgment"; and a motion for substitution of judge.

¶ 15    On September 12, 2018, the trial court entered an order denying Mr. Fuqua's motion for substitution of judge, striking his other motions, and dismissing the case. In striking the motions, the trial court stated: "The court confirms its previous orders and, pursuant to the direction of the Illinois appellate court, compels arbitration."

¶ 16    On September 24, 2018, after the dismissal of the case on September 12, 2018, Mr. Fuqua filed, in the trial court, a "Verified Demand for Arbitration." On October 12, 2018, Mr. Fuqua filed a "Verified Motion for Modification of The Court's Order of September 12, 2018." And on October 30, 2018, he filed a second demand for arbitration.

¶ 17    On November 5, 2018, SVOX filed a motion to enforce the orders compelling arbitration. On November 7, 2018, the trial court entered an order granting SVOX's motion. The order stated:

"[Mr. Fuqua] is ordered to arbitrate his claims [in arbitration] and in no other forum, and [Mr. Fuqua's] failure to do so will result in dismissal of his action with prejudice."

¶ 18    In the meantime, Mr. Fuqua also filed a motion for summary judgment against Mr. Soseman. On December 12, 2018, the trial court entered an order striking the motion.

¶ 19    Mr. Fuqua then filed a "Verified Third Demand for Arbitration" against SVOX. At a hearing on December 19, 2018, the trial court told Mr. Fuqua:

> "You have been ordered to arbitration. *** You will not be
> heard in this courtroom. *** This matter has been determined ***.
> You have asked me to reconsider a reconsideration. You have
> continued to come here. You can go to the Appellate Court if you
> don't like my rulings."

On the same day of that hearing, December 19, 2018, the trial court entered an order dismissing the case with prejudice.

¶ 20    Following the dismissal, Mr. Fuqua filed more motions in the trial court, including a motion to reconsider the December 19, 2018 order. On May 22, 2019, the trial court entered an order denying Mr. Fuqua's motions.

¶ 21    Mr. Fuqua then filed a notice of appeal. His notice of appeal stated that he was appealing, *inter alia,* the orders "dismissing the case," "compelling arbitration," "denying or striking his motions," and "striking summary judgment against [Mr. Soseman]." His notice of appeal further stated he was appealing the orders entered on: "March 7, 2013; April, 2015 [*sic*]; April 18, 2018; May 2, 2018 ¶ 3; August 21, 2018; September 12, 2018; November 7, 2018; December 12, 2018; December 19, 2018; May [22], 2019."

¶ 22                                    ANALYSIS

¶ 23    This court has an independent duty to consider our appellate jurisdiction, even when the parties do not raise the issue of jurisdiction. We find that we have jurisdiction to consider the trial court's orders entered on December 19, 2018 and May 22, 2019. The December 19, 2018 order dismissed Mr. Fuqua's case with prejudice, and the May 22, 2019 order denied his motion to reconsider the December 19, 2018 order. Mr. Fuqua filed a timely notice of appeal following the May 22, 2019 order, conferring appellate jurisdiction over that matter. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017); *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶¶ 11-12.

¶ 24    However, we do not have jurisdiction to review any of the other trial court orders challenged by Mr. Fuqua. Specifically, Mr. Fuqua failed to file timely notices of appeal for the November 7, 2018 and December 12, 2018 orders. The trial court's rulings as contained in its orders of November 7, 2018 and December 12, 2018 were both appealable on an interlocutory basis, provided that Mr. Fuqua filed a proper notice of appeal within 30 days, which he failed to do. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). As Mr. Fuqua failed to file timely notices of appeal following those two orders, they are no longer appealable. See *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1025 (2005) (a notice of interlocutory appeal must be filed within 30 days of such an order).[4] That is to say, Mr. Fuqua's notice of appeal, filed months later, was insufficient to confer appellate jurisdiction over the November 7, 2018 and December 12, 2018

---

[4]Mr. Fuqua also did not include either the November 7, 2018 order or December 12, 2018 order in his motion to reconsider; his motion to reconsider sought to have the trial court reconsider *only* the December 19, 2018 order.

orders; the time to make them appealable with a timely notice of appeal had passed.[5]

¶ 25    Further, the March 7, 2013 order was already appealed and affirmed in *Fuqua I*, and so it cannot be appealed again. And the "April, 2015" order listed in the notice of appeal failed to include a specific date or make clear the order to which Mr. Fuqua was referring. A notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). Unless there is a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). We accordingly will review only the December 19, 2018 and May 22, 2019 orders for which we have jurisdiction.[6]

¶ 26    As an initial matter, we address SVOX's argument that we should dismiss this appeal due to Mr. Fuqua's failure to comply with Illinois Supreme Court Rule 341(h) (eff. May 25, 2018). SVOX claims that Mr. Fuqua's brief violates Rule 341 in numerous ways, including adding opinions to his statement of facts section and failing to cite to the record. Rule 341(h) provides strict rules which litigants must follow in submitting their appellate briefs. *Pro se* litigants, such as Mr. Fuqua, are not excused from following these rules which dictate the form and content of appellate briefs. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. However, while Mr. Fuqua's brief, at times, does fail to comply with some of the requirements under Rule 341(h), there is nonetheless sufficient compliance with Rule 341(h) so that striking his brief is

---

[5]We note that, nonetheless, Mr. Fuqua's challenge to the December 12, 2018 order striking his motion for summary judgment against Mr. Soseman would be meritless. Mr. Fuqua's claims against Mr. Soseman were dismissed with prejudice by the trial court and this court affirmed that order in *Fuqua I*. Thus, the law-of-the-case doctrine bars Mr. Fuqua from filing any more pleadings in that matter.

[6]The remaining orders listed in Mr. Fuqua's notice of appeal were not final, appealable orders, and therefore, arguably became final and appealable on December 19, 2018, when the trial court entered a final judgment dismissing the case with prejudice. This includes the following orders listed in Mr. Fuqua's notice of appeal: April 18, 2018; May 2, 2018; August 21, 2018; and September 12, 2018. Nevertheless, Mr. Fuqua failed to present an argument on appeal regarding any of those orders, and so he has forfeited his appeal of those orders. Ill. S. Ct. R. 304(h)(7) (eff. May 25, 2018).

unwarranted. See *Cottrill v. Russell*, 253 Ill. App. 3d 934, 938 (1993). Thus, in the interest of justice, we decline to take the drastic action of dismissing this appeal on that basis.

¶ 27 Turning to the merits, Mr. Fuqua initially lists six separate issues. He makes even more arguments in the body of his brief, most of which are overlapping and, at times, frivolous and rambling. Thus, we have determined the scope of our review to be limited to the following issue: whether the trial court erred in dismissing Mr. Fuqua's case against SVOX.

¶ 28 Mr. Fuqua broadly claims that the trial court erred in dismissing his case and argues that: the arbitration clause is unenforceable; the trial court lacked jurisdiction to compel arbitration; SVOX has refused to arbitrate; and he was entitled to an evidentiary hearing.

¶ 29 A trial court may, on its own motion, dispose of a matter when it is clear on its face that the requesting party is not entitled to relief as a matter of law. *Bilski v. Walker*, 392 Ill. App. 3d 153, 156 (2009). When a trial court enters a judgment on the pleadings, our review is *de novo*. *OneWest Bank, FSB v. Hawthorne*, 2013 IL App (5th) 110475, ¶ 19.

¶ 30 In this case, it is clear that the trial court properly dismissed Mr. Fuqua's case against SVOX because the cause of action was barred by the law-of-the-case doctrine. The law-of-the-case doctrine limits relitigation of a previously decided issue in the same case. *Rommel v. Illinois State Toll Highway Authority*, 2013 IL App (2d) 120273, ¶ 15. It "protects the parties' settled expectations, ensures uniformity of decisions, maintains consistency during the course of a single case, effectuates proper administration of justice, and brings litigation to an end." *Radwill v. Manor Care of Westmont, IL, LLC*, 2013 IL App (2d) 120957, ¶ 8. In *Fuqua I*, we affirmed the trial court's March 7, 2013 order compelling arbitration after finding the arbitration clause in Mr. Fuqua's employment agreement to be enforceable. We remanded the case back to the trial court with directions to compel arbitration between Mr. Fuqua and SVOX. Once we issued that ruling and

our supreme court denied Mr. Fuqua's petition for leave to appeal, our ruling became the law of the case.

¶ 31    Mr. Fuqua's subsequent pleadings in the trial court, which were an array of motions, all amounted to him challenging the arbitration clause and trying to bring his claims against SVOX in the trial court instead of in an arbitration proceeding as required by his employment agreement. This court's holding in *Fuqua I* that the arbitration clause is enforceable and that the parties *must* arbitrate, clearly and unequivocally precluded Mr. Fuqua from bringing his claims which were subject to arbitration, in the trial court. See *Radwill*, 2013 IL App (2d) 120957, ¶ 8 (questions of law that are decided on appeal are binding on the trial court on remand). Stated another way, Mr. Fuqua continued to try to relitigate the enforceability of the arbitration clause in spite of this court's ruling that he must arbitrate the dispute. In his notice of appeal which is currently before us, Mr. Fuqua refers to the original March 7, 2013 order of the trial court which compelled arbitration. He goes on to argue the impropriety of that order despite the fact that we affirmed that ruling in *Fuqua I*. Simply put, Mr. Fuqua is asking us to again rule upon a matter on which we have already issued a ruling.

¶ 32    Even if Mr. Fuqua now raises new arguments regarding the enforceability of the arbitration clause, the law-of-the-case doctrine still bars him from doing so because he *could have* raised those arguments in *Fuqua I*. *Lurie v. Wolin*, 2017 IL App (1st) 161571, ¶ 26 (no question which was raised *or could have been raised* in a prior appeal can be urged on subsequent appeals). We note that the majority of Mr. Fuqua's arguments are specious, muddled, and not grounded in any facts other than his own affidavit, which is self-serving.

¶ 33    In sum, the trial court has repeatedly reminded Mr. Fuqua that he has been ordered to arbitrate his claims against SVOX and that he will "not be heard" in the trial court. Nevertheless,

Mr. Fuqua continued to file pleadings in the matter, ignoring the trial court's orders. The law-of-the-case doctrine clearly supports the trial court dismissing those pleadings. Accordingly, we affirm the trial court's order dismissing Mr. Fuqua's case against SVOX, with prejudice.

¶ 34    We emphasize to Mr. Fuqua, that neither the trial court nor this court has the power to address his claims with SVOX. As our prior ruling has established, in order to resolve the issues arising out of his employment agreement, he *must* arbitrate those disputes. We remind Mr. Fuqua that when this court makes a ruling, it is not a suggestion; it is an order that the parties must follow. This applies to all parties, whether or not they are represented by counsel. Continuing to file pleadings in the trial court concerning the issues that have already been ruled upon by the trial court and affirmed by this court, may be a sanctionable misuse of the judicial system.

¶ 35                                    CONCLUSION

¶ 36    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 37    Affirmed.