NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220690-U

NO. 4-22-0690

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 11, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LEE E. DUNIGAN, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 22LA12 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Rebecca Foley, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed the trial court's dismissal of the complaint, finding plaintiff's claims were barred by the applicable statute of limitations and failed to state cognizable causes of action, respectively.

¶ 2    In January 2022, plaintiff, Lee E. Dunigan, filed a *pro se* complaint against the People of the State of Illinois (hereinafter State of Illinois or State), alleging defamation *per se* (count I), an equal protection violation under the eighth and fourteenth amendments of the United States Constitution (U.S. Const., amends. VIII, XIV) (count II), and harassment (count III). The trial court initially struck the complaint for failing to properly name a defendant and not complying with section 2-603 of the Code of Civil Procedure (Code) (735 ILCS 5/2-603 (West 2020)), but it allowed plaintiff time to amend the complaint. The court subsequently dismissed

count I as beyond the applicable statute of limitations, and it dismissed counts II and III for not stating cognizable causes of action.

¶ 3    Plaintiff appeals, arguing the trial court erred in dismissing his complaint. We affirm.

¶ 4                                I. BACKGROUND

¶ 5    On January 4, 2022, plaintiff, an inmate in the Indiana Department of Corrections (DOC), filed a *pro se* complaint against the State of Illinois, alleging defamation *per se*, an equal protection violation under the eighth and fourteenth amendments of the United States Constitution, and harassment. While the complaint referred to "the State of Illinois" and "government officials," it named neither an agency nor an individual acting in their official capacity as a defendant.

¶ 6    Count I alleged that, on November 16, 2018, the State of Illinois published a series of "completely false" and "trumped up" criminal charges against plaintiff and the charges' seriousness indicated malice on the State's behalf. Plaintiff, author of a self-published book entitled "Presidential Service Volume 1," contended the charges' publication potentially harmed his sales. Plaintiff also alleged he suffered mental and emotional harm, and that his reputation was "damaged majorly" as a result of the charges' publication. According to count I, the charges continued to be published "through November 24, 2021[,] and ongoing."

¶ 7    Count II alleged the State of Illinois permitted government officials to commit "egregious crimes *** that resulted in a corrupt conviction," and it "tortured" him by "knowingly allowing the State of Indiana to deny [him] treatment for Hepatitis A [and] Hepatitis C *** and denying [him] needed testing for meningitis." Count II further alleged the State of Illinois possessed "physical evidence that Indiana's West Lafayette Police Department

- 2 -

unlawfully planted evidence," which led to plaintiff's conviction in a separate case. Plaintiff insisted these allegations demonstrated the State of Illinois violated his eighth and fourteenth amendment equal protection rights.

¶ 8        Count III alleged the State harassed plaintiff by "using a conviction that it knows to be corrupt to attempt to perminently [*sic*] terminate [his] parental rights," thereby violating his right to equal protection under the fourteenth amendment of the United States Constitution.

¶ 9        On January 31, 2022, the trial court struck the complaint for failing to properly name a defendant and failing to comply with section 2-603 of the Code, but it permitted plaintiff to file an amended complaint by April 4, 2022.

¶ 10        Plaintiff filed a "Motion for Clarification" on February 18, 2022, inquiring whether the court was "asking Plaintiff to name person(s) as Defendant(s)? Or assert their names in the inquiry of complaint?" The motion also asked the court to define section 2-603 of the Code so plaintiff "may sufficiently comply." The court reviewed the motion on March 4, 2022, dismissed plaintiff's defamation claim with prejudice for being beyond the applicable statute of limitations, and closed the case.

¶ 11        On March 7, 2022, plaintiff filed a "Motion for Certification of Interlocutory Order," asking the trial court "to certify the interlocutory order dated January 31, 2022, striking Plaintiff's complaint." In this motion, plaintiff alleged that, "[p]ursuant to the Doctrine of *Respondeat Superior*[,] the State of Illinois [is] responsible/liable for the misconduct of it's [*sic*] officers, agents, and public servants." The motion further insisted plaintiff's complaint complied with section 2-603 of the Code. On the same day, plaintiff filed a notice of appeal.

¶ 12        On March 14, 2022, plaintiff filed a "Motion for Extension of Time to Amend Complaint if Necessary," asserting he filed an interlocutory appeal in the instant case and

requesting a deadline extension of "30 business days following judgment from court of appeals if necessary to amend complaint."

¶ 13        On March 21, 2022, plaintiff filed a second notice of appeal, as well as a "Motion to Proceed on Appeal *in forma Pauperis*."

¶ 14        On April 11, 2022, the trial court denied plaintiff's "Motion for Certification of Interlocutory Order" and "Motion for Extension of Time to Amend Complaint if Necessary." The court ordered the clerk to file plaintiff's first notice of appeal pursuant to Illinois Supreme Court Rule 303(a)(4) (eff. Mar. 8, 2016).

¶ 15        On June 27, 2022, the clerk of this court advised, "Before the Appellate Court can file the Notice of Appeal, there must be a final appealable judgment order and it must be file stamped by the appropriate Circuit Clerk's office."

¶ 16        On August 8, 2022, the trial court entered an order dismissing count I "as beyond the applicable statute of limitations" and counts II and III "for failure to state a cognizable cause of action." The order directed the circuit clerk to file a notice of appeal on plaintiff's behalf.

¶ 17        This appeal followed.

¶ 18                                II. ANALYSIS

¶ 19        On appeal, plaintiff argues (1) the complaint properly named the State of Illinois as the defendant in the case below, (2) the complaint complied with section 2-603 of the Code, (3) the continuing violation doctrine prevented count I from being barred by the applicable statute of limitations, (4) counts II and III stated cognizable causes of action, and (5) the trial court erred in closing the case on March 4, 2022, before the deadline to amend the complaint, which was April 4, 2022. We disagree and find the trial court did not err in dismissing the

complaint, as the statute of limitations bars count I and counts II and III do not state cognizable

causes of action, nor did it err in closing the case before the April 4 deadline.

¶ 20                                    A. Standard of Review

¶ 21           According to section 2-603, "[a]ll pleadings shall contain a plain and concise

statement of the pleader's cause of action, counterclaim, defense, or reply," and "[p]leadings

shall be liberally construed with a view to doing substantial justices between the parties." 735

ILCS 5/2-603(a), (c) (West 2020). "[A] complaint should contain well-pled facts and not simply

mere conclusions of either fact or law." *Rocha v. FedEx Corp.*, 2020 IL App (1st) 190041, ¶ 66,

164 N.E.3d 640 (citing *Barham v. Knickrehm*, 277 Ill. App. 3d 1034, 1037, 661 N.E.2d 1166,

1168-69 (1996)).

¶ 22           "There is little question that a trial court has the authority, on its own motion, to

strike a complaint that is insufficient in substance ***." *Mitchell v. Norman James Construction

Co.*, 291 Ill. App. 3d 927, 937-38, 684 N.E.2d 872, 881 (1997). Indeed, "a trial court has

authority under the principles of civil practice and procedure to *sua sponte* dismiss *** a

frivolous lawsuit." *Bilski v. Walker*, 392 Ill. App. 3d 153, 156, 924 N.E.2d 1034, 1038 (2009).

We review *de novo* a trial court's *sua sponte* striking of a pleading. *Rocha*, 2020 IL App (1st)

190041, ¶ 66.

¶ 23                          B. Statute of Limitations for Defamation Claims

¶ 24           According to section 13-201 of the Code, which provides the statute of limitations

for defamation claims, "[a]ctions for slander, libel or for publication of matter violating the right

of privacy, shall be commenced within one year next after the cause of action accrued." 735

ILCS 5/13-201 (West 2020). The complaint, which plaintiff filed on January 4, 2022, alleges the

State committed defamation *per se* when it published, on November 16, 2018, a series of

criminal charges brought against him. Because plaintiff did not file his complaint within one year of the cause of action, namely when the State published the criminal charges, the trial court did not err in dismissing count I as beyond the applicable statute of limitations. See 735 ILCS 5/13-201 (West 2020).

¶ 25        Plaintiff argues the continuing violation doctrine applies, and therefore his defamation claim is not barred. Under the continuing violation doctrine, "where a tort involves continuing or repeated injurious behavior, 'the statute of limitations does not begin to run until the date of the last injury or when the tortious acts cease.' " *Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 745, 761 N.E.2d 175, 186-87 (2001) (quoting *Hyon Waste Management Services, Inc. v. City of Chicago*, 214 Ill. App. 3d 757, 763, 574 N.E.2d 129, 132 (1991)). "A continuing violation *** is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Hyon*, 214 Ill. App. 3d at 763. "Moreover, 'where there is but one overt act from which subsequent damages may flow, it is held that the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature' of the injury." *Hyon*, 214 Ill. App. 3d at 763 (quoting *Austin v. House of Vision, Inc.*, 101 Ill. App. 2d 251, 255, 243 N.E.2d 297, 299 (1968)).

¶ 26        No continuing violation occurred here, as the allegedly defamatory conduct consisted of a single overt act—the publishing of the criminal charges brought against plaintiff— that occurred on November 16, 2018. While the complaint alleges the charges continued to be published after that date, the Uniform Single Publication Act "prohibits more than one cause of action for the same means of publication, no matter how many times that publication is reproduced." *Weber v. Cueto*, 253 Ill. App. 3d 509, 522, 624 N.E.2d 442, 452 (1993); see also 740 ILCS 165/1 (West 2020) ("No person shall have more than one cause of action for damages

- 6 -

for libel or slander *** founded upon any single publication or exhibition or utterance, such as any one edition of a newspaper or book or magazine ***."). Even assuming, *arguendo*, the charges' publication caused plaintiff continued injury, the statute of limitations began to run on November 16, 2018, as no continuing or repeated allegedly injurious acts occurred. See *Pavlik*, 326 Ill. App. 3d at 745. Therefore, plaintiff had one year to raise his defamation *per se* claim, and he missed that deadline by several years. See 735 ILCS 5/13-201 (West 2020). The trial court did not err in dismissing count I as barred by the statute of limitations.

¶ 27                              C. Failure to State a Cause of Action

¶ 28           "[T]he law is well settled that an action should not be dismissed for failure to state a cause of action, unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief." *Felbinger & Co. v. Traiforos*, 76 Ill. App. 3d 725, 733, 394 N.E.2d 1283, 1289 (1979). "When determining whether a complaint sufficiently states a cause of action, a court must accept all well-pleaded facts as true and draw all reasonable inferences from those facts in favor of the plaintiff." *Bilski*, 392 Ill. App. 3d at 157. "A complaint, however, is insufficient if it states mere conclusions, whether of fact or law, [citation], and a complaint must minimally allege facts sufficient to set forth the essential elements of the cause of action." *Barham*, 277 Ill. App. 3d at 1037. "[W]e review *de novo* whether the trial court correctly dismissed a complaint for failure to state a cause of action." *Bilski*, 392 Ill. App. 3d at 157.

¶ 29           The trial court did not err in dismissing counts II and III for failing to state cognizable causes of action, as neither count alleges facts entitling plaintiff to relief if proven true. In count II, plaintiff alleges the State of Illinois is "knowingly allowing the State of Indiana to deny [him] treatment for Hepatitis A [and] Hepatitis C *** and denying [him] needed testing

for meningitis," and the State of Illinois has "physical evidence that Indiana's West Lafayette Police Department unlawfully planted evidence," which led to plaintiff's conviction in a separate case occurring in Indiana. However, the State of Illinois cannot exercise authority over either the Indiana DOC or the West Lafayette Police Department, which exist in a different state. See *Franchise Tax Board of California v. Hyatt*, 139 S. Ct. 1485, 1498 (2019) ("The Constitution implicitly strips States of any power they once had to refuse each other sovereign immunity, just as it denies them the power to resolve border disputes by political means."); see also *Shelby County, Alabama v. Holder*, 570 U.S. 529, 544 (2013) ("Not only do States retain sovereignty under the Constitution, there is also a fundamental principle of *equal* sovereignty among the States." (Emphasis in original and internal quotation marks omitted.)). Because the State of Illinois governs neither the Indiana DOC nor the West Lafayette Police Department, plaintiff would not be entitled to relief even if his allegations were proven true. See *Felbinger & Co.*, 76 Ill. App. 3d at 733. Additionally, plaintiff presents no support for these conclusory assertions, and a complaint is insufficient if it states mere conclusions of fact or law. See *Barham*, 277 Ill. App. 3d at 1037.

¶ 30        Likewise, plaintiff would not be entitled to relief if the allegations contained in count III were proven true. In count III, plaintiff alleged the State harassed him by "using a conviction that it knows to be corrupt to attempt to perminently [*sic*] terminate [his] parental rights," thereby violating his right to equal protection under the fourteenth amendment of the United States Constitution. Even if plaintiff's allegations were proven true, he would not be entitled to relief from the State of Illinois, as the purported wrong plaintiff suffered—his allegedly corrupt conviction—occurred in Indiana. If plaintiff seeks recompense for a supposedly wrongful conviction at the hands of an Indiana trial court, he should not file suit against an

entirely different state. Because no set of facts could be proven under the pleadings that would entitle plaintiff to relief, the trial court did not err in dismissing counts II and III for failing to state causes of action. See *Felbinger & Co.*, 76 Ill. App. 3d at 733.

¶ 31                D. Case Dismissal Prior to the Deadline to Amend Complaint

¶ 32                Finally, plaintiff argues the trial court erred in closing the case on March 4, 2022, before the deadline to amend the complaint, which was April 4, 2022. "[P]laintiffs do not have an absolute right to amend their complaint." *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1054, 918 N.E.2d 586, 597 (2009). The decision to permit a plaintiff to amend a complaint rests within the trial court's sound discretion. *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7, 812 N.E.2d 419, 424 (2004) (citing *Ruklick v. Julius Schmid, Inc.*, 169 Ill. App. 3d 1098, 1111, 523 N.E.2d 1208, 1216 (1988)).

¶ 33                When determining whether to permit a plaintiff to amend their complaint, a trial court generally will consider (1) whether the proposed amendment would cure a defect in the pleading, (2) whether the amendment would surprise or prejudice the opposing party, (3) whether the amended complaint was timely filed, and (4) whether the moving party had prior opportunities to amend the complaint. *Sellers*, 395 Ill. App. 3d at 1054 (quoting *Grove v. Carle Foundation Hospital*, 364 Ill. App. 3d 412, 417-18, 846 N.E.2d 153, 158 (2006)). A plaintiff must satisfy all four factors, "and if the proposed amendment does not state a cognizable claim, and thus, fails the first factor, courts of review will often not proceed with further analysis." *Hayes Mechanical*, 351 Ill. App. 3d at 7. "The primary consideration is whether amendment would further the ends of justice. [Citation.] Where it is apparent even after amendment that no cause of action can be stated, leave to amend should be denied." *Hayes Mechanical*, 351 Ill. App. 3d at 7.

¶ 34　　　　　The record shows the trial court initially struck the complaint on January 31, 2022, and allowed plaintiff to file an amended complaint by April 4, 2022. On February 18, 2022, plaintiff filed a "Motion for Clarification." According to the record sheet, the trial court reviewed the motion on March 4, 2022, dismissed the complaint with prejudice, and closed the case. From the order entered on August 8, 2022, we know the trial court dismissed the complaint because it failed to properly name a defendant, it did not comply with section 2-603 of the Code, the statute of limitations barred count I, and counts II and III failed to state cognizable causes of action. Plaintiff did not satisfy the first *Sellers* factor, which asks whether a proposed amendment would cure a defect in the pleading. See *Sellers*, 395 Ill. App. 3d at 1054. Plaintiff presented no proposed amendments to his complaint, and no amendment he might have presented could cure the defects discussed above. See *Hayes Mechanical*, 351 Ill. App. 3d at 7 ("Where it is apparent even after amendment that no cause of action can be stated, leave to amend should be denied."). Thus, the trial court did not err in dismissing plaintiff's complaint before the April 4 deadline to file an amended complaint.

¶ 35　　　　　　　　　　　　　III. CONCLUSION

¶ 36　　　　　For the foregoing reasons, we affirm the trial court's judgment.

¶ 37　　　　　Affirmed.