# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Radwill v. Manor Care of Westmont, IL, LLC, 2013 IL App (2d) 120957**

---

| | |
|---|---|
| Appellate Court Caption | VIOLET RADWILL, as Administrator of the Estate of Richard Radwill, Plaintiff-Appellant, v. MANOR CARE OF WESTMONT, IL, LLC, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-12-0957 |
| Filed | March 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court's decision affirming the dismissal of the counts of plaintiff's complaint alleging that defendant nursing home was guilty of medical malpractice on the ground that the complaint was barred by the two-year limitations period in section 13-212(a) of the Code of Civil Procedure was the law of the case for purposes of plaintiff's third count alleging that defendant breached the parties' agreement by failing to provide proper medical treatment, and the dismissal of that count as untimely was upheld. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 11-L-185; the Hon. Kenneth L. Popejoy, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas M. Paris, of Chicago, for appellants.

Matthew R. Heimlich, of McVey & Parsky, LLC, of Chicago, for appellee.

Panel

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.

Justices Zenoff and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1     The plaintiff, Violet Radwill, as the administrator of the estate of her husband, Richard Radwill, filed a three-count complaint against the defendant, Manor Care of Westmont, IL, LLC, after Richard died while under the care of the defendant, which operates a nursing home. The first two counts of the complaint were dismissed, the plaintiff appealed that dismissal, and this court affirmed in an unpublished order. See *Radwill v. Manor Care of Westmont, IL, LLC*, 2012 IL App (2d) 110752-U (*Radwill I*). In that decision, we held that, even though a nursing home is not listed as a health care provider subject to the two-year limitations period in section 13-212(a) of the Code of Civil Procedure (Code) (735 ILCS 5/13-212(a) (West 2010)), that section covered the defendant and barred the plaintiff's claim. See *Radwill I*, 2012 IL App (2d) 110752-U, ¶¶ 11, 13. When the cause proceeded on count III of the plaintiff's complaint, which count was titled "Breach of Contract," the defendant moved to dismiss (735 ILCS 5/2-619(a)(5) (West 2010)), claiming that, like the first two counts of the plaintiff's complaint, the third count should be dismissed because it was brought after the statute of limitations had run. The trial court granted the motion, and this timely appeal followed. At issue in this appeal is whether this court's decision in *Radwill I*, wherein we determined that section 13-212(a) of the Code applied to the defendant, serves as the law of the case in this appeal. We find that it does, and, thus, we affirm the dismissal of count III of the plaintiff's complaint.

¶ 2     The parties are familiar with the relevant facts, which are set forth in detail in *Radwill I* and need not be repeated at length here. The plaintiff filed this action on February 18, 2011. Briefly summarized, the plaintiff alleged in her complaint that, on December 29, 2006, Richard was transferred from Advocate Good Samaritan Hospital (Good Samaritan) to the defendant's care. The defendant, which was duly licensed under the Nursing Home Care Reform Act of 1979 (Ill. Rev. Stat. 1985, ch. 111½, ¶ 4151-101 *et seq.* (now the Nursing Home Care Act (210 ILCS 45/1-101 *et seq.* (West 2010)))), operates "a certain nursing home/rehabilitation center which held itself out as possessing the skill necessary to care for patients with various states of illness, including respiratory disorders." When Richard was transferred to the defendant's care, the defendant "agreed to render competent and adequate

care [and] services in conjunction with an illness from which [Richard] suffered *** [and] which required medical treatment." Pursuant to this agreement, the defendant, "through its employees, undertook to render care, diagnosis[,] treatment and services for financial consideration."

¶ 3        While Richard remained in the defendant's care, the defendant, "individually and through its agents, servants and employees," allegedly engaged in various careless and negligent acts or omissions. As a result of these acts or omissions, Richard suffered with untreated pneumonia. The defendant released Richard from its care on January 26, 2007, and, less than 24 hours later, Richard was admitted to Good Samaritan, where his condition worsened. Because the defendant "fail[ed] to care for Richard *** while he was [in the defendant's care]," Richard died on February 19, 2007. The plaintiff alleged that, "[b]ut for the negligent treatment [Richard] received [in the defendant's care,] Richard *** would have survived."

¶ 4        Specific to her breach-of-contract claim, the plaintiff alleged that "[the defendant] undertook, for a fee, and pursuant to a written agreement (which the Plaintiff does not have) to skillfully care for Richard *** and provide him care, treatment, medical assessment, [and] evaluation with a high quality of care." The plaintiff asserted that, in breach of this agreement, the defendant "failed to provide [Richard] with even [basic] care, treatment and evaluation, including but not limited to an assessment of the pneumonia which [Richard] had, and appropriate referral to a physician and/or facility who could assist in curing his condition."

¶ 5        This court affirmed the dismissal of counts I and II of the plaintiff's complaint, based on section 13-212(a) of the Code. *Radwill I*, 2012 IL App (2d) 110752-U, ¶¶ 11, 13. That section provides:

> "[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a) (West 2010).

¶ 6        After this court affirmed the dismissal of counts I and II of the plaintiff's complaint, the defendant moved to withdraw the answer it had filed concerning the plaintiff's breach-of-contract claim and to dismiss count III on the basis that the two-year limitations period delineated in section 13-212(a) of the Code had run. The trial court granted the motion to withdraw the answer, and, following a hearing, the court granted the motion to dismiss. The court noted that, although count III was labeled "Breach of Contract," the plaintiff's allegations concerned a medical care issue, not a contract issue, "that's exactly similar to the allegations that were contained in Counts I and II."

¶ 7        At issue in this appeal is whether, based on the law-of-the-case doctrine, the dismissal of count III of the plaintiff's complaint was proper. In addressing that issue, we begin by

noting that, although the trial court did not use the specific term "law of the case," the court dismissed count III of the plaintiff's complaint precisely because of that doctrine. We review such a finding *de novo*. *Combs v. Schmidt*, 2012 IL App (2d) 110517, ¶ 12.

¶ 8        The law-of-the-case doctrine protects the parties' settled expectations, ensures uniformity of decisions, maintains consistency during the course of a single case, effectuates proper administration of justice, and brings litigation to an end. *Petre v. Kucich*, 356 Ill. App. 3d 57, 63 (2005). Thus, the doctrine bars relitigation of an issue previously decided in the same case. *Long v. Elborno*, 397 Ill. App. 3d 982, 989 (2010). Issues previously decided include issues of both law and fact. *Alwin v. Village of Wheeling*, 371 Ill. App. 3d 898, 910 (2007). "Questions of law that are decided [in] a previous appeal are binding on the trial court on remand as well as on the appellate court in subsequent appeals." *Long*, 397 Ill. App. 3d at 989.

¶ 9        Here, we determined in *Radwill I* that the two-year limitations period contained in section 13-212(a) of the Code applied to the first two counts of the plaintiff's complaint. *Radwill I*, 2012 IL App (2d) 110752-U, ¶¶ 11, 13. Thus, because the plaintiff failed to file her complaint within two years after her cause of action accrued, we held that the first two counts of her complaint were time-barred. *Id.* In the third count of her complaint (as in the first two counts), the plaintiff contended that the defendant failed to medically treat Richard properly and thus breached the parties' agreement. Because this count, like the first two counts, alleged that the defendant was guilty of medical malpractice, the law-of-the-case doctrine applies. The dismissal of count III therefore was proper: it, like the first two counts, was brought after the statute of limitations had run.

¶ 10       That said, we note that the law-of-the-case doctrine is not without exceptions. Indeed, two recognized exceptions to the doctrine exist. Those exceptions apply if: (1) a higher reviewing court makes a contrary ruling on the same issue subsequent to the lower court's decision, or (2) a reviewing court finds that its prior decision was palpably erroneous. *Bjork v. Draper*, 404 Ill. App. 3d 493, 501 (2010). Neither exception applies here.

¶ 11       With regard to the first exception, the parties have not submitted to this court, and our own research has failed to uncover, a decision from a higher court that is contrary to and was rendered after our decision in *Radwill I*.

¶ 12       The plaintiff has attempted to raise the second exception here in a very broad sense, contending that our interpretation of the statute in *Radwill I* was palpably erroneous because a nursing home is not a "physician, dentist, registered nurse or hospital duly licensed under the laws of this State." 735 ILCS 5/13-212(a) (West 2010). However, the plaintiff's argument does not demonstrate such palpable error. The palpably-erroneous exception applies only in the very rarest of situations. See *Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 583 (2006). It is invoked only when a court's prior decision was obviously or plainly wrong. See *id.* Put another way, a court's decision will be considered palpably erroneous only if that decision was clearly erroneous and would work a manifest injustice. See *People v. Jacobazzi*, 398 Ill. App. 3d 890, 931 (2010). The fact that a court might reach a different conclusion if it had to consider the issue anew does not mean that the court's prior decision was palpably erroneous. *Norris*, 368 Ill. App. 3d at 584 (after

determining, "with reluctance," that the law-of-the-case doctrine applied, court noted that "[h]ad the judges on this panel decided the issue in the first instance, the result well might have been different").

¶ 13 With those principles in mind, we turn to the circumstances of this case. Although *Solich v. George & Anna Portes Cancer Prevention Center of Chicago, Inc.*, 158 Ill. 2d 76, 82-84 (1994), which we mentioned in *Radwill I*, repeatedly states that only those health care providers listed in section 13-212(a) of the Code are covered by the two-year limitations period delineated therein, our supreme court noted in that opinion that section 13-212(a) also applies, in certain circumstances, to their employees. Thus, in *Brucker v. Mercola*, 227 Ill. 2d 502, 528 (2007), the court found that section 13-212(a) covered an office manager of a doctor's office when that office manager filled a bottle of supplements with the wrong substance and then sold that substance to the plaintiff, who was the doctor's patient. Further, based on supreme court cases that have concluded that health-maintenance organizations (HMOs) may be held vicariously liable for the acts of their network doctors, the First District has found that section 13-212(a) covers HMOs, which, like nursing homes, are not listed in section 13-212(a). See *Thornton v. Shah*, 333 Ill. App. 3d 1011, 1019 (2002) ("Where an HMO can be held liable for medical malpractice under various theories of accountability, a plaintiff must file his or her cause of action within the time constraints set forth in section 13-212."). In our view, it is at least arguable that, if an HMO falls within section 13-212(a), the defendant's nursing home, which provided medical care to Richard, is also covered by that section. Because that position is arguable, we cannot conclude that our decision in *Radwill I* was palpably erroneous.

¶ 14 For these reasons, we hold that the law-of-the-case doctrine applies here and that no exception to that doctrine can be invoked. Accordingly, the dismissal of count III of the plaintiff's complaint pursuant to section 13-212(a) of the Code was proper. We affirm the judgment of the circuit court of Du Page County.

¶ 15 Affirmed.