2020 IL App (1st) 173117-U

No. 1-17-3117

Order filed April 15, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 14267 |
| | ) | |
| ANTHONY MCGEE, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Ellis and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The summary dismissal of defendant's postconviction petition is reversed where he established that his appellate counsel provided ineffective assistance by failing to file a petition for rehearing raising a meritorious claim. Defendant's conviction and sentence for aggravated battery is vacated where there is no need to remand for further postconviction proceedings.

¶ 2    Defendant Anthony McGee appeals from the first-stage summary dismissal of his postconviction petition, which asserted that his appellate counsel was ineffective for failing to request the reversal of an aggravated battery conviction that this court entered as a lesser-included

offense after reversing a murder conviction for a violation of the Speedy Trial Act (725 ILCS 5/103-5 (West 2008)). On appeal, the State concedes that the aggravated battery conviction was erroneously imposed, and that appellate counsel provided ineffective assistance by failing to challenge it. As such, the parties both maintain that we should reverse the conviction without remanding for further postconviction proceedings. We agree, and accordingly vacate defendant's conviction and sentence for aggravated battery.

¶ 3                                    I. BACKGROUND

¶ 4       On May 14, 2007, firefighters in Gary, Indiana discovered the body of Frensti Bridges in an abandoned garage that had been set ablaze. In December 2007, defendant and codefendant Danyale Moody, who is not a party to this appeal, were indicted for the aggravated kidnapping, aggravated battery, aggravated unlawful restraint, and attempted murder of Bridges. On August 7, 2009, the State nol-prossed the original charges and brought a new indictment that charged defendant and Moody with aggravated kidnapping and first-degree murder. After a joint jury trial, defendant and Moody were both convicted of aggravated kidnapping and murder, for which they received consecutive sentences of 25 and 60 years in prison, respectively.

¶ 5       In separate direct appeals, defendant and Moody each challenged their murder conviction on speedy trial grounds. This court reversed defendant's murder conviction, but, pursuant to Illinois Supreme Court Rule 615(b)(3) (eff. January 1, 1967), "enter[ed] a conviction on the lesser-included charge of aggravated battery, as originally charged in 2007, and remand[ed] the cause to the trial court for resentencing." *People v. McGee*, 2015 IL App (1st) 130367, ¶ 44 (unpublished order under Illinois Supreme Court Rule 23). We initially reached the same result in Moody's appeal, but, after Moody's counsel filed a petition for rehearing, we subsequently modified our

decision to reverse the murder conviction outright without entering judgment on a lesser-included offense. *People v. Moody*, 2016 IL App (1st) 130071, ¶ 42 (unpublished order under Illinois Supreme Court Rule 23). In so ruling, we quoted *People v. Exson*, 384 Ill. App. 3d 794, 803 (2008), for the proposition that ' "[t]he only possible remedy for the deprivation of defendant's statutory right to a speedy trial is discharge.'" *Id.* Unlike Moody's counsel, defendant's appellate counsel did not file a petition for rehearing. On remand, defendant was sentenced to five years in prison for aggravated battery, which was to be served consecutively to his aggravated kidnapping sentence.

¶ 6     On July 17, 2017, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2016)). Therein, defendant alleged that his appellate counsel provided ineffective assistance by (1) requesting that his murder conviction be reduced to aggravated battery and (2) failing to file for rehearing "to get the lesser included offense of [m]urder vacated." Attached to the petition were copies of our decisions in both his and Moody's appeals.

¶ 7     The circuit court summarily dismissed the petition in written order, finding that this court properly exercised our "broad power" to reduce a conviction to a lesser-included offense under Rule 615(b)(3). The circuit court also stated that defendant's allegations were "conclusory" and not supported by documents or affidavits, and that defendant could not establish prejudice where appellate counsel successfully obtained reversal of the murder conviction. This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9                              A. Ineffective Assistance

¶ 10    On appeal, defendant argues—and the State concedes—that appellate counsel provided ineffective assistance by failing to file a petition for rehearing as occurred in Moody's case. To establish a claim of ineffective assistance of appellate counsel, a defendant must show both that counsel's performance was unreasonable and that there is a reasonable probability that the appeal would have been successful but for counsel's deficiencies. *People v. English*, 2013 IL 112890, ¶ 33. The failure to raise a clearly meritorious issue may constitute unreasonable performance. *People v. Barnard*, 104 Ill. 2d 218, 230-31 (1984).

¶ 11    Here, we agree with the parties that counsel's performance was deficient. As we explained in Moody's appeal, it is clear that the only appropriate remedy for a violation of a defendant's statutory right to a speedy trial is reversal of the conviction. See, *e.g.*, *People v. Williams*, 204 Ill. 2d 191, 208 (2003); *People v. Ladd*, 185 Ill. 2d 602, 607 (1999); *People v. Connors*, 2017 IL App (1st) 162440, ¶ 25; *Exson*, 384 Ill. App. 3d 794, 803 (2008). Additionally, this court lacked the authority to enter a judgment on the 2007 aggravated battery charge, as that charge was nol-prossed and never re-filed. *People v. Stafford*, 325 Ill. App. 3d 1069, 1073 (2001). Counsel's failure to raise a meritorious argument for the outright reversal of defendant's murder conviction could not have been the product of a reasonable appellate strategy. Thus, under these circumstances, counsel's performance was deficient.

¶ 12    We also find that defendant has demonstrated prejudice as a result of counsel's errors. As noted, a defendant claiming ineffective assistance of appellate counsel must show a reasonable probability that his appeal would have been resolved differently but for counsel's deficient performance. *English*, 2013 IL 112890, ¶ 33. A "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *People v. Hale*, 2013 IL 113140, ¶ 18. Here,

there is no doubt that this court would not have imposed the aggravated battery conviction upon rehearing. Indeed, we granted Moody's petition for rehearing just months later, and modified our decision in his appeal to reflect outright reversal rather than a judgment on a lesser-included offense. Moreover, the State contends that, as it did in Moody's case, it would have agreed with defendant's position on rehearing. Consequently, defendant would not have an additional conviction and five-year sentence for aggravated battery had counsel petitioned for rehearing. Defendant has therefore demonstrated that he was prejudiced by his counsel's unreasonable performance

¶ 13                                    B. Remedy

¶ 14    Having determined that defendant has established a claim of ineffective assistance of counsel, we must now decide the proper remedy. The Post-Conviction Hearing Act provides a three-stage mechanism through which a defendant may obtain relief for violations of his constitutional rights. *People v. Tate*, 2012 IL 112214, ¶ 8. Where, as here, the summary dismissal of a petition at the first stage is reversed on appeal, the usual remedy is to remand the matter for second-stage postconviction proceedings. See, *e.g.*, *People v. Allen*, 2015 IL 113135, ¶¶ 45-46; *Tate*, 2012 IL 112214, ¶ 26. However, our supreme court has held that, in the interest of judicial economy, a reviewing court may grant the ultimate relief to which a defendant is entitled without remand for further postconviction proceedings in some limited instances where the record has been fully developed. See *People v. Buffer*, 2019 IL 122327, ¶ 47 (affirming this court's decision to vacate a juvenile defendant's *de facto* life sentence without remand for second-stage postconviction proceedings); *People v. Whitfield*, 217 Ill. 2d 177, 205 (2005) (vacating a sentence

imposed pursuant to a negotiated guilty plea without remand for third-stage postconviction proceedings where the sentence would not have given the defendant the benefit of his bargain).

¶ 15    Although we can find no published case directly addressing the issue in the context of a speedy trial violation, we agree with the parties that the interests of judicial economy are best served by vacating defendant's aggravated battery conviction without remand for further postconviction proceedings. As we have explained, the facts and law entitling defendant to relief are clear and undisputed. We therefore see no need to test the sufficiency of defendant's claim or develop the record any further. Accordingly, we reverse the judgment of the circuit court and vacate defendant's conviction and sentence for aggravated battery.

¶ 16                                    III. CONCLUSION

¶ 17    For the reasons explained above, we reverse the summary dismissal of defendant's postconviction petition and vacate defendant's conviction and sentence for aggravated battery.

¶ 18    Reversed and vacated.