NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241148-U

NO. 4-24-1148

IN THE APPELLATE COURT

FILED
July 16, 2025
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Lee County |
| RICHARD L. JOHNSON, | ) | No. 21CF36 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jacquelyn Dawn Ackert, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Steigmann and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, after remand, defendant's five-year prison sentence for aggravated criminal sexual abuse where (1) the sentence was not excessive and (2) defendant did not receive ineffective assistance of counsel in connection with his prior appeal.

¶ 2     Defendant, Richard L. Johnson, challenges his five-year prison sentence for aggravated criminal sexual abuse (720 ILCS 5/11-1.60(b) (West 2020)). We affirm.

¶ 3                                I. BACKGROUND

¶ 4     In February 2021, the State charged defendant by information with three counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)), which were Class X felonies. Each count alleged that the offense occurred "[o]n or about March 23, 2020 and March 27, 2020." Each count also alleged that defendant was over the age of 17 and that J.O., the victim, was under 13. The information did not specify whether defendant had a familial

relationship with J.O. Count I alleged that defendant inserted his finger into J.O.'s vagina. Count II alleged that defendant touched J.O.'s vagina with his hand. Count III alleged that defendant put J.O.'s hand on his penis.

¶ 5        Defendant waived his right to a preliminary hearing. The matter proceeded to a bench trial in November 2021.

¶ 6        We detailed the trial testimony in *People v. Johnson*, 2023 IL App (4th) 220201, ¶¶ 6-14. As it pertains to the specific issues in this appeal, the evidence showed the following. In February 2021, J.O., who was nine years old, participated in a recorded interview in which she accused her "Papa" of (1) showing her his "private part," (2) making her touch his "private part," (3) touching her "private part" (both over her clothes and "all the way into" her private part), and (4) kissing her like "grown up" or "married" people do. In her testimony, J.O. identified defendant as her "Papa" and said that she told the truth in her recorded interview. During the State's case-in-chief, Jessica Cash, who was the executive director of Shining Star Children's Advocacy Center, referenced J.O. being sexually assaulted by her "grandfather." Testifying for the defense, Deborah Johnson explained that she had been married to defendant for 26 years and that J.O. was the daughter of Deborah's son, Sean O. Defendant testified that Sean was one of his children and that J.O. was one of his grandchildren.

¶ 7        As shown by the parties' closing arguments, the contested issue was the credibility of J.O.'s allegations. In his closing argument, the prosecutor mentioned that J.O. was "molested by her grandfather, by her Papa." The trial court found defendant guilty of all three counts of predatory criminal sexual assault of a child alleged in the information.

¶ 8        The presentence investigation report (PSI) filed in January 2022 implied that defendant was J.O.'s step-grandfather rather than a blood relative. Specifically, the report indicated

that defendant and Deborah were married in 1995 and that "Deborah had three children from a previous relationship," one of whom was Sean.

¶ 9　　　　The PSI contained the following additional information relevant to this appeal. Defendant was 68 years old at the time the report was filed. He had no criminal history. He was retired from working as a school bus driver and union laborer. His monthly income consisted of $1,137 from social security and a pension of $2,071. Defendant had a medical history of diabetes, coronary artery disease, hypertension, and hyperlipidemia. He was on seven medications, and he suffered heart attacks in 2011 and 2018 that required stents. He also had an incident in November 2021 where he lost consciousness and was taken to the emergency room before being discharged the same day.

¶ 10　　　　At the sentencing hearing in January 2022, neither party presented additional evidence in mitigation or aggravation. J.O.'s mother read a lengthy victim impact statement to the trial court detailing the negative effects that defendant's actions had on J.O. and their family. For example, J.O.'s mother related that J.O. experienced trouble sleeping and required counseling. J.O.'s mother also indicated that Deborah's choice to support defendant's protestations of innocence caused a rift in the family. Additionally, the prosecutor read a victim impact statement written by J.O. in the form of a letter to her "Papa." J.O. indicated that she was mad at defendant and that he did "gross" things that hurt her.

¶ 11　　　　The prosecutor recommended consecutive sentences of 10 years in prison for each count of predatory criminal sexual assault of a child. In presenting his argument, the prosecutor emphasized as aggravating factors that (1) defendant's conduct caused harm to J.O. and her family, (2) there was a need for deterrence, and (3) defendant held a position of trust and supervision as to J.O. Defense counsel requested the minimum sentences of six years in prison on each count. As

mitigating factors, counsel mentioned defendant's age, poor health, and lack of criminal history. Counsel also noted the hardship to Deborah of losing defendant's social security benefits upon his incarceration and her having to live solely on his pension. Defendant declined to make a statement in allocution.

¶ 12        The trial court sentenced defendant to consecutive 10-year prison terms on each count, to be served at 85%. Although the court said it considered the aggravating and mitigating factors, the court did not recite its reasoning for the sentences or explain how it weighed the applicable factors. Defendant filed a motion to reconsider the sentences. In denying this motion, the court said that it considered defendant's age, medical condition, lack of criminal record, and the financial impact on Deborah.

¶ 13        On direct appeal in case No. 4-22-0201, one of defendant's arguments was that the State failed to prove him guilty beyond a reasonable doubt on count II, as the evidence showed the contact between his hand and J.O.'s vagina was over her clothing. Defendant acknowledged in his opening brief that such over-the-clothes touching for the purpose of sexual gratification would have been punishable as aggravated criminal sexual abuse ("720 ILCS 5/11-1.60 (2020)"), though he did not specify which subsection of that statute would apply. The State conceded error on this issue. However, the State urged us to reduce defendant's conviction on count II to the lesser-included offense of aggravated criminal sexual abuse pursuant to our authority under Illinois Supreme Court Rule 615(b)(3) (eff. Jan. 1, 1967). Like defendant, the State did not specify the subsection of the statute that would apply to the facts of this case. In his reply brief, defendant recognized that we had the authority to impose a conviction for the lesser-included offense of aggravated criminal sexual abuse, though he did not identify a subsection of the statute. Nevertheless, defendant urged us not to impose a conviction on a lesser-included offense because

(1) the evidence against him was "extremely weak" and (2) he was unlikely to survive his existing consecutive 10-year sentences on counts I and III.

¶ 14 Although we upheld defendant's convictions on counts I and III, we accepted the State's concession about the insufficiency of the evidence to support the charge of predatory criminal sexual assault of a child in count II. *Johnson*, 2023 IL App (4th) 220201, ¶ 24. We determined that the circumstances warranted reducing the degree of defendant's conviction on count II. *Johnson*, 2023 IL App (4th) 220201, ¶ 26. Accordingly, we reduced defendant's conviction on that count to aggravated criminal sexual abuse (720 ILCS 5/11-1.60(b) (West 2020)), and we remanded the matter for sentencing on that offense. *Johnson*, 2023 IL App (4th) 220201, ¶ 27. That particular subsection of the statute provides that "[a] person commits aggravated criminal sexual abuse if that person commits an act of sexual conduct with a victim who is under 18 years of age and the person is a family member." 720 ILCS 5/11-1.60(b) (West 2020). Notably, both grandparents and step-grandparents come within the statutory definition of "family member." 720 ILCS 5/11-0.1 (West 2020). This offense is a Class 2 felony. See 720 ILCS 5/11-1.60(g) (West 2020).

¶ 15 In March 2024, the trial court held the sentencing hearing contemplated by our mandate. At the outset of the hearing, the prosecutor said he would ask the court to enter a judgment *nunc pro tunc* "to the original sentencing date so that the defendant *** gets all of his in-custody credit." The prosecutor recommended a sentence of seven years in prison on count II. Rather than presenting additional arguments, the prosecutor asked the court to take judicial notice of the original sentencing hearing. The court agreed to do so. Defense counsel then stated:

"Your Honor, I would agree with that legal analysis. But I would just wish to point out to the Court that the prior finding of guilt on the Class 1 [*sic*], the Court

- 5 -

did not see fit to impose a maximum sentence but impose a sentence in the middle of the range. And that's still appropriate.

And now the range is different. And we ask the Court to impose a lesser sentence on the count that was reversed and remanded as a Class 2 felony as opposed to a Class 1 felony [*sic*]; that we believe something in the range of four or five years as opposed to the maximum sentence is appropriate, given the facts introduced at trial and introduced in the sentencing hearing."

The prosecutor then clarified that counts I and III were Class X felonies, not Class 1 felonies. Defense counsel acknowledged that he misspoke on that point but did not offer further argument. Defendant again declined to provide a statement in allocution.

¶ 16        The trial court stated that it "considered the evidence and the [PSI] that were previously produced at the prior sentencing hearing." The court also "considered all the statutory factors for sentencing, including the factors in aggravation and mitigation which were discussed at the last sentencing hearing." However, the court did not explain how it weighed the applicable factors in resentencing defendant on count II. The court sentenced defendant to five years in prison on count II, to be served at 50% and to run consecutively to the sentences imposed on the other counts. The court indicated that the order would be entered *nunc pro tunc* "to the date of the prior sentencing order to make sure [defendant] gets all of his credit."

¶ 17        Defendant filed a motion to reconsider the sentence, arguing that the trial court erred by failing to consider (1) his lack of a criminal record, (2) his advanced age, which made "the sentence imposed a life sentence," (3) his medical conditions, and (4) the financial impact on Deborah. On September 5, 2024, the court denied this motion, saying that it considered all mitigating and aggravating sentencing factors.

¶ 18     Defendant filed a timely notice of appeal.

¶ 19                    II. ANALYSIS

¶ 20          A. Whether the Five-Year Prison Sentence Is Excessive

¶ 21     Defendant argues that his five-year prison sentence for aggravated criminal sexual abuse is excessive. He divides his argument into two sections, one challenging the trial court's exercise of its discretion and the other challenging the adequacy of his counsel's representation. We will address these issues separately.

¶ 22          1. *The Trial Court's Exercise of Its Discretion*

¶ 23     Defendant maintains that the trial court abused its discretion in fashioning the sentence. In presenting this argument, defendant emphasizes (1) the dire financial impact of his incarceration on his wife, Deborah, (2) his advanced age and poor health, (3) his lack of criminal history, and (4) that his prior 10-year sentence on count II for predatory criminal sexual assault of a child was "close to the minimum sentence permissible by statute."

¶ 24     The State responds that because defendant neither objected contemporaneously nor moved to reconsider the sentence, he forfeited his arguments. Forfeiture aside, the State maintains that the trial court was not obligated to recite and detail its consideration of the applicable factors, and we must presume that the court considered all relevant mitigating factors. The State also proposes that the court acted within its discretion by sentencing defendant to five years in prison for aggravated criminal sexual abuse.

¶ 25     In his reply brief, defendant insists that he did not forfeit his claim, as he filed a motion to reconsider the five-year sentence for aggravated criminal sexual abuse. Defendant also maintains that the State has misconstrued his argument. To that end, he clarifies that his position is that the trial court failed to accord sufficient weight to mitigating factors, not that the court failed

to consider those factors or that the court was required to specify the weight it attributed to each one.

¶ 26    As an initial matter, we determine that defendant has preserved his right to challenge his sentence as excessive. At the original sentencing hearing in January 2022, defendant argued that mitigating factors applied. When defendant was resentenced for a lesser-included offense on count II upon remand, the trial court took judicial notice of the original sentencing hearing, and the parties elected not to present additional detailed arguments. Contrary to what the State asserts, the record confirms that defendant later filed a postsentence motion in which he noted the presence of mitigating factors. Accordingly, the argument is preserved for appeal.

¶ 27    The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, § 11. A trial court has discretion to determine which of the four purposes of sentencing—retribution, deterrence, incapacitation, and rehabilitation—predominates in a given case. *People v. Page*, 2022 IL App (4th) 210374, ¶ 52. In issuing its sentence, a court is not required to recite and assign a value to each aggravating and mitigating factor it has considered. *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19. "A reviewing court gives substantial deference to the trial court's sentencing decision because the trial judge, having observed the defendant and the proceedings, is in a much better position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age." *People v. Snyder*, 2011 IL 111382, ¶ 36. A statutorily authorized sentence is presumptively proper, and we may not disturb the court's evaluation of proper factors absent an abuse of discretion. *People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 56. "A trial court's sentence is an abuse of discretion if it is greatly at odds with the spirit and purpose of the law or is manifestly

disproportionate to the nature of the offense." *Musgrave*, 2019 IL App (4th) 170106, ¶ 56.

¶ 28 Defendant's five-year sentence for aggravated criminal sexual abuse was statutorily authorized. See 720 ILCS 5/11-1.60(g) (West 2020) (providing that aggravated criminal sexual abuse is a Class 2 felony); 730 ILCS 5/5-4.5-35(a) (West 2020) (authorizing a prison sentence of between three and seven years for Class 2 felonies). Thus, the sentence was presumptively proper.

¶ 29 Defendant does not explain why his sentence was either greatly at odds with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense. Nor does he mention his rehabilitative potential. Rather, he challenges the sentence on the basis that the trial court should have placed more weight on certain mitigating factors in the record. This line of reasoning is a nonstarter, as we may not substitute our judgment as to the weight to be attributed to applicable factors. *Pina*, 2019 IL App (4th) 170614, ¶ 25.

¶ 30 At any rate, none of the mitigating circumstances defendant identifies persuade us that the five-year prison sentence was an abuse of discretion. Defendant was in his late sixties and had already experienced health issues by the time he committed the series of sex offenses against J.O. that led to his convictions. Under those circumstances, although defendant's lack of criminal history is certainly relevant, it is not particularly persuasive for defendant to invoke his age and poor health as reasons why he should receive something less than five years in prison for aggravated criminal sexual abuse. See *People v. Baysingar*, 2024 IL App (4th) 240601-U, ¶ 40 ("Where the circumstances of a case justify a lengthy prison sentence, a court need not sentence an older offender to a shorter prison term simply because the defendant, due to his age, will likely never be released from prison.").

¶ 31 The financial impact on Deborah likewise does not present a basis to disturb the sentence. At the time of the resentencing hearing on count II, defendant was already serving 20

years in prison for his convictions on counts I and III. Thus, regardless of the sentence the trial court elected to impose on count II, Deborah was likely to experience hardship from defendant's lengthy imprisonment. We note that defendant asserts in his brief that section 5-5-3.1(a)(19) of the Unified Code of Corrections (730 ILCS 5/5-5-3.1(a)(19) (West 2020)) "supports a minimum sentence" on count II. This mitigating sentencing factor applies where "[t]he defendant serves as the caregiver for a relative who is ill, disabled, or elderly." 730 ILCS 5/5-5-3.1(a)(19) (West 2020). There is no indication in the record that defendant served as Deborah's caregiver.

¶ 32    The final circumstance defendant mentions is that his original 10-year sentence on count II for predatory criminal sexual assault of a child was "close to the minimum sentence permissible by statute." Defendant's logic seems to be that because his original prison sentence on count II for predatory criminal sexual assault of a child was at the low end of the 6-to-60 year sentencing range, when he was resentenced for a lesser-included Class 2 offense that carried a maximum prison term of 7 years, he again should have received a penalty toward the bottom of the range rather than in the middle. Defendant's reasoning is unpersuasive, as he is comparing apples to oranges by noting the relative severity of sentences within drastically different ranges.

¶ 33    The record confirms that the trial court was aware of and considered the mitigating factors that defendant emphasizes. Ultimately, defendant's five-year prison sentence for touching J.O.'s vagina when she was about eight years old was neither greatly at odds with the spirit and purpose of the law nor manifestly disproportionate to the nature of the offense. Accordingly, we cannot say that the sentence was an abuse of discretion.

¶ 34                    *2. Ineffective Assistance of Counsel*

¶ 35    Alternatively, defendant maintains that his trial counsel provided ineffective assistance by requesting a sentence of either four or five years in prison for aggravated criminal

sexual abuse. Defendant reasons that his counsel mistakenly believed that the original 10-year prison sentence on count II represented a midrange sentence for a Class 1 felony, whereas it was actually a low-range sentence on a Class X felony with an extended sentencing range. According to defendant, once the prosecutor pointed out this mistake to defense counsel, counsel should have "correct[ed] his math" and requested a lower sentence for aggravated criminal sexual abuse. Defendant proposes that, had his counsel requested a lower sentence, there is a reasonable probability that the trial court would have imposed something less than five years in prison.

¶ 36      The State denies that defendant received ineffective assistance. According to the State, defense counsel's reference to a Class 1 felony was a "momentary mistake" that defense counsel acknowledged. The State proposes that defendant has failed to show either deficient performance or prejudice to sustain an ineffective-assistance claim. In presenting its argument, the State surmises that defendant is claiming that a four-year prison sentence would be more appropriate than a five-year sentence.

¶ 37      In his reply brief, defendant asserts that the State incorrectly assumes he is now requesting a four-year prison sentence. Defendant notes that although he was eligible for a prison sentence on count II, he was also eligible for probation or conditional discharge.

¶ 38      We review claims of ineffective assistance with respect to sentencing hearings pursuant to the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Pina*, 2019 IL App (4th) 170614, ¶ 41. To obtain relief based on ineffective assistance of counsel, a defendant must show both that trial counsel performed deficiently and that such deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. With respect to the deficiency requirement, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Prejudice for purposes of *Strickland* means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶ 39        Before applying the *Strickland* test, it is helpful to understand defendant's sentencing exposure on remand. Defendant was already serving 20 years in prison at 85% on counts I and III for predatory criminal sexual assault of a child. Any sentence on count II for aggravated criminal sexual abuse had to be served consecutively to counts I and III. See 730 ILCS 5/5-8-4(d)(2) (West 2020) (requiring mandatory consecutive sentencing in cases involving convictions of predatory criminal sexual assault of a child). Defendant's aggravated criminal sexual abuse conviction was a Class 2 felony. 720 ILCS 5/11-1.60(g) (West 2020). Authorized dispositions for Class 2 felonies include a prison sentence of between three and seven years. 730 ILCS 5/5-4.5-35(a) (West 2020). However, the trial court also had authority to impose a term of probation or conditional discharge. 730 ILCS 5/5-4.5-35(d) (West 2020). It is permissible for a court to order a person to serve a term of probation for one conviction consecutive to a term of imprisonment on another conviction. *People v. Wendt*, 163 Ill. 2d 346, 354 (1994); 730 ILCS 5/5-6-2(f) (West 2020). Nevertheless, because defendant was a "family member" of the victim, J.O. (see 720 ILCS 5/11-0.1 (West 2020) (including both grandparents and step-grandparents within the definition of "Family member")), the trial court would have had to make certain special

findings to impose probation. See 730 ILCS 5/5-5-3(e) (West 2020).

¶ 40        Against this backdrop, we consider defendant's argument that his counsel provided ineffective assistance at the sentencing hearing on remand. The record reflects that counsel initially stated, incorrectly, that defendant previously faced Class 1 sentencing rather than Class X sentencing. However, the prosecutor immediately corrected defense counsel's misstatement. Thus, the confusion about the correct classification was quickly corrected and was a nonissue.

¶ 41        The real question presented by defendant's arguments is whether defense counsel acted "within the wide range of reasonable professional assistance" (*Strickland*, 466 U.S. at 689) by recommending a prison sentence of four or five years for aggravated criminal sexual abuse, as opposed to either a sentence of three years in prison or a community-based sentence. While this is an unusual basis for defendant to claim ineffective assistance, it was the trial court's role, not defense counsel's, to exercise discretion and fashion a sentence that complied with the constitutional mandate to consider both "the seriousness of the offense" and "the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, § 11.

¶ 42        We are unable to say that defense counsel was constitutionally deficient for failing to request either a community-based sentence or the minimum prison sentence of three years. There was no inherently correct or incorrect sentence to recommend within the statutory range, and determining which sentence to propose for a trial court's consideration is inherently a matter of strategy. See *Strickland*, 466 U.S. at 689 (noting that "[t]here are countless ways to provide effective assistance in any given case"). Counsel here may have reasonably determined it was unlikely that the court would be receptive to a request for a minimum sentence on count II, given (1) the young age of the victim (at the time of the abuse, she was 10 years younger than the age threshold for the offense for which defendant was being sentenced (see 720 ILCS 5/11-1.60(b)

(West 2020)) and (2) defendant was already serving prison sentences for Class X sex offenses committed against the same victim. Against that background, a reasonable defense counsel could view the circumstances as not supporting a request for a minimum sentence.

¶ 43　　　　Defendant also fails to show prejudice for purposes of *Strickland*. It is pure speculation to think that the trial court might have imposed a more lenient sentence had defense counsel made different sentencing recommendations. Notably, in sentencing defendant to five years in prison, the court rejected defense counsel's suggestion that four years in prison was appropriate. Thus, we discern no reasonable probability that the court would have changed its mind about the appropriate sentence had defense counsel made different recommendations.

¶ 44　　　　　　　　　　B. Ineffective Assistance of Appellate Counsel

¶ 45　　　　Defendant also argues that his counsel on direct appeal was ineffective for failing to file a petition for rehearing. Defendant proposes that his appellate counsel should have asked this court to modify the subsection of the aggravated criminal sexual abuse statute under which we imposed a conviction on count II. Specifically, defendant contends that it was inappropriate to impose a lesser-included-offense conviction under subsection (b) of the aggravated criminal sexual abuse statute (720 ILCS 5/11-1.60(b) (West 2020)), as the charging instrument did not allege that he was a "family member" of J.O. Rather, defendant maintains that the proper lesser-included offense was subsection (c)(1)(i) of the aggravated criminal sexual abuse statute (720 ILCS 5/11-1.60(c)(1)(i) (West 2020)). As part of presenting this argument, defendant asserts that it was improper for the trial court on remand to issue a sentencing order *nunc pro tunc* to the original sentencing date, as the court was not correcting a merely clerical error. Defendant asks this court to vacate the sentence on count II and remand for sentencing on a conviction under subsection (c)(1)(i) of the aggravated criminal sexual abuse statute.

¶ 46        The State responds that we lack jurisdiction to consider defendant's argument, as it exceeds the limits of our prior mandate. The State also argues that defendant has failed to meet either requirement of *Strickland* to sustain an ineffective-assistance claim. To that end, according to the State, defendant had sufficient notice of the charges he faced, which satisfies the constitutional concerns underpinning the law regarding imposing sentences for uncharged lesser-included offenses. The State also emphasizes that both subsections of the aggravated criminal sexual abuse statute that defendant mentions are Class 2 felonies. Thus, in the State's view, defendant has failed to explain how he would benefit from another sentencing hearing under a different subsection of the statute.

¶ 47        We reject the State's contention that we lack jurisdiction to address the issue defendant raises. The State is correct that the trial court had no choice but to follow our mandate on remand, even if our mandate was erroneous. See *People v. Murray*, 2023 IL App (4th) 220330, ¶ 11 (explaining that a trial court must carry out the specific instructions of a reviewing court's mandate). Moreover, as explained below, defendant faces substantial procedural barriers in presenting his argument that we imposed a lesser-included-offense conviction under the incorrect subsection of the aggravated criminal sexual abuse statute. Nevertheless, the State cites no authority supporting its position that we lack jurisdiction to consider defendant's claim, and we discern no jurisdictional impediment. See *People v. McGee*, 2020 IL App (1st) 173117-U, ¶¶ 6, 10-12 (addressing and accepting a defendant's claim in a postconviction petition that his appellate counsel was ineffective for failing to file a petition for rehearing on direct appeal to argue that the appellate court had acted without authority by imposing a conviction for a lesser-included offense).

¶ 48        The *Strickland* standard governs claims of ineffective assistance of appellate counsel. *People v. Phillips*, 2017 IL App (4th) 160557, ¶ 66. Thus, as discussed above, a defendant

must demonstrate that (1) his counsel's failure to raise an issue on direct appeal was objectively unreasonable and (2) the defendant was prejudiced by that decision. *Phillips*, 2017 IL App (4th) 160557, ¶ 66. Typically, a claim of ineffective assistance of appellate counsel involves allegations that an attorney neglected to raise a meritorious issue in a prior appeal, thereby resulting in the appellate court failing to consider that issue. Here, however, defendant's ineffective-assistance claim arises out of an issue that this court addressed in a prior appeal. Specifically, defendant contends that (1) this court committed an error of law in the prior appeal by imposing a conviction for a lesser-included offense pursuant to an incorrect subsection of the aggravated criminal sexual abuse statute and (2) defendant's appellate counsel should have recognized that error and asked us to correct it in a petition for rehearing.

¶ 49        Though not discussed by the parties, defendant's arguments implicate the law-of-the-case doctrine, which provides that issues decided in one appeal generally cannot be reconsidered. See *People v. Gliniewicz*, 2020 IL App (2d) 190412, ¶ 36. The doctrine aims " 'to avoid indefinite relitigation of the same issues, to obtain consistent results in the same litigation, and to ensure that lower courts follow the decision of the appellate courts.' " *Gliniewicz*, 2020 IL App (2d) 190412, ¶ 36 (quoting *In re Christopher K.*, 217 Ill. 2d 348, 365 (2005)). Thus, questions of law that are decided on appeal bind both the trial court on remand and the appellate court in a subsequent appeal. *Radwill v. Manor Care of Westmont, IL, LLC*, 2013 IL App (2d) 120957, ¶ 8. This doctrine applies here, as "[w]hether an offense is a lesser-included offense of a charged offense is an issue of law." *People v. Clark*, 2016 IL 118845, ¶ 32.

¶ 50        "There are two recognized exceptions to the law-of-the-case doctrine: (1) a higher reviewing court makes a contrary ruling on the same issue subsequent to the lower court's decision, or (2) a reviewing court finds that its prior decision was palpably erroneous." *Gliniewicz*, 2020 IL

App (2d) 190412, ¶ 36. The first exception clearly does not apply here. The second exception "applies only in the very rarest of situations," where "a court's prior decision was obviously or plainly wrong." *Radwill*, 2013 IL App (2d) 120957, ¶ 12. "Put another way, a court's decision will be considered palpably erroneous only if that decision was clearly erroneous and would work a manifest injustice." *Radwill*, 2013 IL App (2d) 120957, ¶ 12. "The fact that a court might reach a different conclusion if it had to consider the issue anew does not mean that the court's prior decision was palpably erroneous." *Radwill*, 2013 IL App (2d) 120957, ¶ 12. Additionally, the prior court's decision is not palpably erroneous if it adopted a position that was "arguable." *Radwill*, 2013 IL App (2d) 120957, ¶ 13.

¶ 51 With this understanding, before evaluating defendant's appellate counsel's performance, we will consider whether defendant has presented a basis for us to conclude that our decision imposing a lesser-included-offense conviction pursuant to subsection (b) of the aggravated criminal sexual abuse statute was palpably erroneous.

¶ 52 "A defendant in a criminal prosecution has a fundamental due process right to notice of the charges against him; thus, a defendant may not be convicted of an offense he has not been charged with committing." *Clark*, 2016 IL 118845, ¶ 30. "However, a defendant may be convicted of an uncharged offense if it is a lesser-included offense of a crime expressly charged in the charging instrument and the evidence adduced at trial rationally supports a conviction on the lesser-included offense and an acquittal on the greater offense." *Clark*, 2016 IL 118845, ¶ 30. Illinois courts apply the charging instrument approach to determine whether a defendant may be convicted of an uncharged lesser-included offense. *People v. Kennebrew*, 2013 IL 113998, ¶ 34. As the supreme court has explained:

"Under the charging instrument approach, *** the lesser offense need not

be a necessary part of the greater offense, but the facts alleged in the charging instrument must contain a broad foundation or main outline of the lesser offense. [Citations.] The indictment need not explicitly state all of the elements of the lesser offense as long as any missing element can be reasonably inferred from the indictment allegations. [Citation.] There are two steps to the charging instrument approach. First, the court determines whether the offense is a lesser-included offense. Next, the court examines the evidence at trial to determine whether the evidence was sufficient to uphold a conviction on the lesser offense." (Internal quotation marks omitted.) *Kennebrew*, 2013 IL 113998, ¶ 30.

"Under the charging instrument approach, whether a particular offense is 'lesser included' is a decision which must be made on a 'case-by-case basis' using the factual description of the charged offense in the indictment." *Clark*, 2016 IL 118845, ¶ 31 (quoting *People v. Kolton*, 219 Ill. 2d 353, 367 (2006)).

¶ 53    Here, defendant does not dispute that the trial evidence was sufficient to uphold a conviction pursuant to subsection (b) of the aggravated criminal sexual abuse statute. Rather, defendant focuses on whether that subsection was a lesser-included offense of predatory criminal sexual assault of a child, as charged in count II of the information. Count II of the information alleged:

"On or about March 23, 2020 and March 27, 2020, in Lee County, Illinois, [defendant] *** committed the offense of PREDATORY CRIMINAL SEXUAL ASSAULT OF A CHILD, when [defendant], being over the age of 17 years, committed an act of sexual contact with the victim, J.O. [(date of birth provided)], being under the age of 13, in that said defendant touched the vagina of J.O. with his

hand, in violation of 720 ILCS 5/11-1.40(a)(1), said offense being a Class X felony."

Subsection (b) of the aggravated criminal sexual abuse statute provides: "A person commits aggravated criminal sexual abuse if that person commits an act of sexual conduct with a victim who is under 18 years of age and the person is a family member." 720 ILCS 5/11-1.60(b) (West 2020). Grandparents and step-grandparents are included within the definition of "Family member." 720 ILCS 5/11-0.1 (West 2020).

¶ 54    Defendant maintains that subsection (b) of the aggravated criminal sexual abuse statute was not a lesser-included offense of count II, as that count did not allege that defendant was J.O.'s "family member." However, under the charging instrument approach, the dispositive question is *not* whether count II alleged all the elements required for a conviction under subsection (b) of the aggravated criminal sexual abuse statute. Rather, "the facts alleged in the charging instrument must contain a broad foundation or main outline of the lesser offense," and any missing element must be able to be "reasonably inferred from the indictment allegations." (Internal quotation marks omitted.) *Kennebrew*, 2013 IL 113998, ¶ 30. In other words, we consider whether the charging instrument gave defendant "notice of the potential of a conviction on the lesser-included offense of aggravated criminal sexual abuse." *Kennebrew*, 2013 IL 113998, ¶ 24.

¶ 55    Count II of the information identified the victim by her initials and birthdate. Thus, defendant was on notice of who the victim was, and he knew exactly what he was accused of doing to her. Defendant makes no claim that he was unaware that J.O. was his granddaughter or step-granddaughter, which inherently made defendant and J.O. "family members" for purposes of the law governing sex offenses in Illinois.

¶ 56    Defendant asserts in his brief that the element of a familial relationship could not

reasonably be inferred from the information, yet he does not elaborate on that point. Notably, none of the cases defendant cites specifically address whether the status of an accused as a "family member" of a named victim is the type of fact that may reasonably be inferred from a charging instrument for purposes of imposing a conviction for a lesser-included offense. In his reply brief, defendant contends that "the State did not provide sufficient notice to [defendant] that it intended to prove the element of familial relations." With this assertion, defendant just seems to circle back to his point that the information did not expressly allege that he was J.O.'s "family member." Again, under the charging instrument approach, the information did not need to expressly allege all the elements of the lesser offense.

¶ 57       Defendant proposes that the appropriate lesser-included offense under the circumstances would have been subsection (c)(1)(i) of the statute, which provides that a person commits aggravated criminal sexual abuse if the person is 17 years of age or over and "commits an act of sexual conduct with a victim who is under 13 years of age." 720 ILCS 5/11-1.60(c)(1)(i) (West 2020). Unquestionably, this subsection would be a lesser-included offense of predatory criminal sexual assault of a child, as charged in count II of the information. However, that does not exclude the possibility that subsection (b) was also a lesser-included offense pursuant to the charging instrument approach.

¶ 58       As part of considering whether the palpably-erroneous exception to the law-of-the case-doctrine applies, we must also consider whether our previous decision "would work a manifest injustice." *Radwill*, 2013 IL App (2d) 120957, ¶ 12. Here, subsections (b) and (c)(1)(i) of the aggravated criminal sexual abuse statute were both Class 2 felonies that could have been punished by either three to seven years in prison, a period of probation, or conditional discharge. 720 ILCS 5/11-1.60(g) (West 2020); 730 ILCS 5/5-4.5-35(a), (d) (West 2020). Although a trial

court would have to consider certain factors if it were inclined to impose probation in a case involving subsection (b) that would not apply in a case involving subsection (c)(1)(i) (see 730 ILCS 5/5-5-3(e) (West 2020)), defendant is incorrect when he asserts that subsection (b) "carries a more burdensome minimum sentence." Moreover, defendant does not explain why, under the facts of this case, it is realistic to think that the trial court would have imposed a different sentence had we remanded for sentencing pursuant to a different subsection of the aggravated criminal sexual abuse statute. It is not apparent how imposing a conviction for a lesser-included offense pursuant to one subsection versus the other would work a manifest injustice here.

¶ 59 Ultimately, we are unpersuaded that our decision in defendant's prior appeal was palpably erroneous. It is at least arguable that the facts alleged in count II contained a broad foundation or main outline of the offense of aggravated criminal sexual abuse pursuant to subsection (b). See *Radwill*, 2013 IL App (2d) 120957, ¶ 13 (a decision in a prior appeal is not palpably erroneous if it espoused a position that is arguable). Defendant was charged with sexually assaulting a specified child, and defendant has failed to explain why he could not infer from the information that he was the victim's "family member." We discern no obvious violation of defendant's due process rights. Accordingly, the law-of-the-case doctrine prevents defendant from relitigating the propriety of his conviction for a lesser-included offense.

¶ 60 This brings us back to *Strickland*'s test for evaluating defendant's claim of ineffective assistance of appellate counsel for failing to file a petition for rehearing highlighting the error of our decision. Defendant has not demonstrated that he received ineffective assistance. With respect to the deficient-performance prong, we consider that defendant's appellate counsel succeeded in getting one of defendant's convictions of predatory criminal sexual assault of a child reversed based on the insufficiency of the evidence. Defendant's appellate counsel also presented

a reasonable, though ultimately unsuccessful, argument that we should not exercise our discretion to impose a conviction for the lesser-included offense of aggravated criminal sexual abuse. Although defendant now argues that it would have been appropriate for us to impose a conviction under a different subsection of the aggravated criminal sexual abuse statute than we ultimately selected, defendant has not convinced us that we committed an error of law that would have been clear or obvious to any reasonable attorney. See *McGee*, 2020 IL App (1st) 173117-U, ¶ 11 (holding that the defendant's appellate counsel was deficient for failing to file a petition for rehearing where it was "clear" that the appellate court lacked authority to enter a conviction for *any* lesser-included offense upon finding a speedy-trial violation). Accordingly, we cannot say that defendant's appellate counsel acted outside the wide range of reasonable professional assistance by failing to challenge our judgment in a petition for rehearing.

¶ 61 Defendant has also failed to establish prejudice for purposes of his ineffective-assistance claim. Again, we note that subsections (b) and (c)(1)(i) of the aggravated criminal sexual abuse statute are both probationable Class 2 felonies. Defendant does not explain why it is reasonably probable that his sentence on remand would have been different had we imposed a conviction under subsection (c)(1)(i).

¶ 62 As part of his ineffective-assistance argument, defendant criticizes the trial court for issuing a *nunc pro tunc* sentencing order where the modification in the sentence was not intended to correct a clerical error. Defendant's reason for including this point in this section of his brief is not apparent, as the point has nothing to do with his broader claim that his appellate counsel was ineffective for failing to file a petition for rehearing. The record reflects that the court made the order *nunc pro tunc* to the original sentencing date as a way of ensuring that defendant received proper sentencing credit for time served. A court's error in stating that its order is

*nunc pro tunc* is subject to a harmless-error analysis, and reversal is not required where a defendant suffered no prejudice. *People v. Adams*, 2024 IL App (1st) 221474, ¶ 48. Presumably, defendant does not want us to take away his sentencing credits. Any error here was harmless.

¶ 63                                    III. CONCLUSION

¶ 64            For the reasons stated, we affirm the trial court's judgment.

¶ 65            Affirmed.